**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| WOLVERINE BARCODE IP, LLC, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 7:25-cv-00404-DC-DTG |
| | ) | |
| v. | ) | Judge David Counts |
| | ) | Judge Derek T. Gilliland |
| MACY'S, INC., | ) | |
| | ) | |
| Defendant. | ) | ***Electronically Filed*** |

**DEFENDANT MACY'S, INC.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

## <u>TABLE OF CONTENTS</u>

**TABLE OF CONTENTS** ................................................................................ i

**TABLE OF AUTHORITIES** ........................................................................ ii

**I.    INTRODUCTION** ............................................................................... 1

**II.   RELEVANT PROCEDURAL AND FACTUAL BACKGROUND** ........................... 2

**III.  LEGAL STANDARDS** ......................................................................... 6

**IV.   ARGUMENT** ................................................................................... 7

**V.    CONCLUSION** ................................................................................ 9

## <u>TABLE OF AUTHORITIES</u>

### <u>*CASES*</u>

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................. 6

*Associated Builders, Inc. v. Alabama Power Co.*,
    505 F.2d 97 (5th Cir. 1974) ................................................................................. 7, 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................................. 6

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) .................................................................................. 6

*Cumberland Pharms. Inc. v. InnoPharma, Inc.*, No. 12-cv-618-LPS,
    2013 U.S. Dist. LEXIS 156835 (D. Del. Nov. 1, 2013) ......................................... 9

*ecoNugenics, Inc. v. Bioenergy Life Science, Inc.*, No. 17-cv-5378 (JNE/DTS),
    2018 U.S. Dist. LEXIS 149774 (D. Minn. Sept. 4, 2018) ....................................... 9

*LBT IP II, LLC v. Uber Techs., Inc.*, No. 6:21-CV-01210-ADA,
    2022 U.S. Dist. LEXIS 113764 (W.D. Tex. June 28, 2022) .................................... 6

*Lone Star Fund V (US), LP v. Barclays Bank PLC*,
    594 F.3d 383 (5th Cir. 2010) ............................................................................... 6, 8

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018)................................................................................ 6

*Rogers v. City of Yoakum*,
    660 Fed. App'x 279 (5th Cir. 2016) ........................................................................ 9

*Simmons v. Peavy-Welsh Lumber Co.*,
    113 F.2d 812 (5th Cir.) ............................................................................................ 8

*Simmons v. Peavy-Welsh Lumber Co.*,
    311 U.S. 685 (1940).................................................................................................. 8

*U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*,
    355 F.3d 370 (5th Cir. 2004) ................................................................................... 8

# ***RULES***

Fed. R. Civ. P. 10(c) ................................................................................................... 7, 8

Fed. R. Civ. P. 12(b)(6)........................................................................................... 1, 6, 8, 9

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, Macy's, Inc. ("Macy's"), moves to dismiss the Complaint for Patent Infringement (Dkt. 1) of Plaintiff, Wolverine Barcode IP LLC ("Wolverine").

## I.     INTRODUCTION

This case presents a rare instance in which a decision on the merits can, and should, be made at the pleadings stage.  While the infringement allegations suffer from many shortcomings, one deficiency is so clear-cut in view of the pleadings as to warrant dismissal at this stage.

Wolverine has advanced an infringement theory premised on representations about the accused system that are belied by the very evidence cited in the Complaint.  The sole independent claim of the asserted patent is directed to a method for conducting a series of offline transactions using the same "User ID Barcode" for each transaction. Yet, Wolverine has asserted this patent against Macy's "Macy's Pay" system that is specifically designed so that a barcode used in a first transaction is *not* used for subsequent transactions. The claim chart Wolverine attached to the Complaint includes citations to, and screenshots of, a Macy's webpage describing the Macy's Pay barcode (the alleged "User ID Barcode") as a "single-use barcode" wherein "[e]ach time you use Macy's Pay, a unique barcode will be generated." *See* Dkt. 1-2, pg. 26. Consequently, Wolverine's pleadings, which include the claim chart, establish that Macy's Pay does not and cannot infringe a claim requiring the same barcode to be used for subsequent transactions.

Dismissal under Rule 12(b)(6) is warranted and just under these circumstances.  Wolverine is entitled only to have *reasonable* inferences drawn in its favor, not unreasonable inferences that are refuted by the evidence cited in the Complaint.  Moreover, this dismissal should be with prejudice because Wolverine's infringement theory is implausible on the merits, and no amended pleading can cure its shortcomings.

## II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Wolverine filed its Complaint (Dkt. 1) on September 4, 2025.  The sole cause of action alleged in the Complaint is infringement of U.S. Patent No. 9,280,689 ("the '689 Patent").  Dkt. 1, pg. 2.  The '689 Patent is Exhibit A to the Complaint.  Dkt. 1, ¶ 6; *see also* Dkt. 1-1.

The '689 Patent, titled "Method and Apparatus for Conducting Offline Commerce Transactions," describes a method of using a "User ID Barcode" to purchase goods.  '689 Patent, 2:34-38.  The "User ID Barcode" converts a unique number, such as a cell phone number, into a barcode format which can be downloaded and stored in a cell phone or printed on a sticker that is secured to a user's cellphone or credit card.  '689 Patent, 2:39-46.  The User ID Barcode can then be scanned using a conventional barcode scanner to make purchases.  '689 Patent, 2:47-65.

The '689 Patent includes one independent claim and three total claims.  *See* '689 Patent, 17:31-18:36.  Claim 1 is a method claim that requires:

1. A method for conducting offline electronic commerce transactions having a vendor barcode scanner and a vendor cash register comprising:

(a) providing a personal code to a person for their use to purchase goods;

(b) converting said personal code into barcode format to form a User ID Barcode, said User ID Barcode corresponding to said personal code and including at least one special character to distinguish the barcode as a User ID Barcode from a product barcode;

(c) storing said personal code in said User ID Barcode format by said person for use to purchase goods and storing said personal code in a User Vendor Management Server to permit purchases to be made at a vendor;

(d) establishing a User Account in a User Vendor Management Server corresponding to said personal code;

(e) depositing funds in said User Account to establish a credit limit;

***(f) conducting purchases at vendors each having a vendor server wherein each purchase includes scanning product barcodes including product price and said User ID Barcode with a product barcode scanner at the vendor cash register and transmitting both product barcodes and User ID Barcode to said vendor server;***

2

(g) detecting the User ID Barcode at the vendor server and forwarding the ID Barcode and purchase price to said User Vendor Management Server;

(h) comparing the purchase price with the funds in said User Vendor Management Server to determine if there are available funds within the credit limit in the User Vendor Management Server account, and if there are, sending an approval signal to the vendor server;

(i) forwarding the approval signal to the vendor cash register; and

**(i) repeating steps (f) through (i) for subsequent purchase transactions using said User ID Barcode.**

'689 Patent, 17:31-18:30 (emphasis added).

As demonstrated by the emphasized language above, claim 1 requires, in step (f), "conducting purchases at vendors" using "said User ID Barcode" and then, in step (i),[1] repeating the purchase steps "for subsequent purchase transactions using said User ID Barcode."

Wolverine's Complaint alleges that Macy's, through its Macy's Pay payment system, has infringed one or more of claim 1-3 of the '689 Patent. Dkt. 1, ¶ 8. The infringement claim is allegedly supported by the claim chart attached as Exhibit B to the Complaint. *Id.* at ¶ 9.

In the claim chart, Wolverine alleges that the Macy's Pay barcode constitutes the claimed "User ID Barcode."

---

[1] The patent includes an error in that the last limitation is labeled as step (i) even though the immediately prior step is also labeled as step (i).



See Dkt. 1-2 (Ex. B to Complaint) at pgs. 6-7; *see also id.* at pgs. 8, 10, 16, 18, 20, 28.

Wolverine further alleges that this Macy's Pay barcode is the "User ID Barcode" used in step (f) to "conduct[] purchases." *See* Dkt. 1-2 at pg. 14-15.

With respect to the last claim limitation—repeating steps (f) through (i) for subsequent purchase transactions using said User ID Barcode—Wolverine makes the following allegation:

> *For example, for each new purchase, Macy's Pay repeats the same process (scanning the product and user barcodes, checking available funds, approving the transaction, and sending confirmation) using the same **User ID Barcode**.*

Dkt. 1-2 at pg. 26 (emphasis in original).

However, the evidence cited by Wolverine and included in the Complaint refutes its position.  In particular, Wolverine's claim chart includes—on several occasions—the following screenshot from a Macy's webpage describing Macy's Pay:



Dkt. 1-2 at pg. 26; *see also id*. at pgs. 18, 19, 24, 25.

This screenshot specifically discusses the Macy's Pay barcode (i.e., the alleged "User ID Barcode"), and states that it is a "single-use barcode" such that "[e]ach time you use Macy's Pay, a unique barcode will be generated." *Id.*

### III.    LEGAL STANDARDS

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" to meet the factual plausibility standard. *Id*.  However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (internal quotations omitted).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy the plausibility standard. *Id*.

The plaintiff "need not prove its case at the pleading stage." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal citations omitted).  The court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The complaint must support its entitlement to relief with "factual content," not just conclusory allegations. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). Although the "level of detail required in any given case will vary," it "must be enough to raise a right to relief above the speculative level." *Id*. at 1353 (citing *Twombly*, 550 U.S. at 555). "Therefore, to state a claim of direct infringement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim(s)." *LBT IP II, LLC v. Uber Techs., Inc.*, No. 6:21-CV-01210-ADA, 2022 U.S. Dist. LEXIS 113764, at *5 (W.D. Tex. June 28, 2022).

In assessing plausibility, the court should also consider any exhibits attached to the complaint. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." *Associated Builders, Inc. v. Alabama Power Co*., 505 F.2d 97, 100 (5th Cir. 1974).

## IV.    ARGUMENT

To prevail on its infringement claim, Wolverine must show by a preponderance of the evidence that Macy's has met every limitation of at least one claim of the patent, including limitation (i), which requires "repeating steps (f) through (i) for subsequent purchase transactions using said User ID Barcode." '689 Patent, 18:29-18:30.  In light of Wolverine's claim chart, which cites a webpage stating that the Macy's Pay barcode is a "single-use barcode" that is ***not*** used for subsequent transactions, Wolverine's allegations fail as a matter of law.  This is precisely the type of speculative, implausible claim that should be eliminated at the outset of a case.  Macy's should not be forced to expend resources defending against a claim that is expressly refuted by Wolverine's own exhibit to its Complaint.

Wolverine's claim chart expressly and repeatedly refutes Wolverine's conclusory allegation that "for each new purchase, Macy's Pay repeats the same process (scanning the product and user barcodes, checking available funds, approving the transaction, and sending confirmation) using the same User ID Barcode"—an allegation that is essential to Wolverine's infringement claim. Dkt. 1-2 at pg. 26.  Instead, the claim chart, and the evidence cited therein, establish just the opposite—the same Macy's Pay barcode is not repeated for each new purchase.  Dkt. 1-2 at pg. 26; *see also id*. at pgs. 18, 19, 24, 25.  Wolverine's conclusory allegation that Macy's Pay "repeats the same process . . . using the same User ID Barcode" cannot be squared with the evidence cited

in the Complaint that the Macy's Pay barcode is a "single-use barcode" and that "[e]ach time you use Macy's Pay, a unique barcode will be generated." *Id.*

The factual assertions recited above appear in an exhibit that is "part of the pleading for all purposes." Fed. R. Civ. P. 10(c). For that reason, they are considered as part of the Complaint's substantive factual assertions in evaluating a 12(b)(6) motion. *Lone Star*, 594 F.3d at 387 (At the motion-to-dismiss stage, the court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").

In addition, where, as is the case here, exhibits contradict assertions in the Complaint, the exhibits govern. When "an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls." *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing *Simmons v. Peavy-Welsh Lumber Co*., 113 F.2d 812, 813 (5th Cir.), *cert. denied*, 311 U.S. 685 (1940)); *Associated Builders*, 505 F.2d at 100 ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint." (citation omitted)).

In view of this controlling law, Wolverine's infringement claim is deficient as a matter of law. Wolverine alleges in conclusory fashion that the same Macy's Pay barcode is used across multiple transactions, but the very evidence it cites in support unambiguously states the opposite. As courts have repeatedly held, a complaint that is contradicted by its own exhibits should be dismissed. *See Associated Builders*, 505 F.2d at 100 ("If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."); *Rogers v. City of Yoakum,* 660

Fed. App'x 279, 285 (5th Cir. 2016) (dismissing complaint that was contradicted by exhibit and stating that "[b]ecause the exhibits attached to Rogers's complaint contradict his allegations, we assume the facts in the exhibits to be true.").

Moreover, patent cases are no exception to the requirement for plausible, internally coherent, complaint allegations. *See, e.g., Cumberland Pharms. Inc. v. InnoPharma, Inc.*, No. 12-cv-618-LPS, 2013 U.S. Dist. LEXIS 156835, at *7-9 (D. Del. Nov. 1, 2013) (dismissing patent infringement claim rendered implausible by complaint allegations); *ecoNugenics, Inc. v. Bioenergy Life Science, Inc.*, No. 17-cv-5378 (JNE/DTS), 2018 U.S. Dist. LEXIS 149774, at *15-17 (D. Minn. Sept. 4, 2018) (same).

Therefore, Wolverine's Complaint fails to state a claim upon which relief can be granted and is deficient as a matter of law.

## V.    CONCLUSION

Macy's respectfully requests that the Court dismiss, with prejudice, Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: November 17, 2025

s/ *Kent E. Baldauf, Jr.*
Kent E. Baldauf, Jr. (PA ID No. 70793)
Bryan P. Clark (PA ID No. 205708)

One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com

*Attorneys for Defendant*

No. 7:25-cv-00404-DC-DTG

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17ᵗʰ day of November 2025, I electronically filed the foregoing **DEFENDANT MACY'S, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM** with the Clerk of Court using the CM/ECF system which sent notification to all counsel of record.

**THE WEBB LAW FIRM**

s/ *Kent E. Baldauf, Jr.*
Kent E. Baldauf, Jr.