**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| WOLVERINE BARCODE IP, LLC, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 7:25-cv-00404-DC-DTG |
| | ) | |
| v. | ) | Judge David Counts |
| | ) | Judge Derek T. Gilliland |
| MACY'S, INC., | ) | |
| | ) | ***Electronically Filed*** |
| Defendant. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant, Macy's, Inc. ("Macy's"), hereby files its Answer to the individually numbered paragraphs of the First Amended Complaint ("FAC") (Dkt. 16) of Plaintiff, Wolverine Barcode IP, LLC ("Wolverine"), and asserts Affirmative Defenses and Counterclaims as follows:

I.    **THE PARTIES**

1.    Macy's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the FAC. Accordingly, these allegations are denied.

2.    Macy's admits that it is a Delaware corporation with a principal place of business in New York. Macy's admits that it operates a store located at 2901 S Capital of Texas Hwy Ste 60, Austin, TX 78746. Macy's admits that it does business in Texas and in the Western District of Texas. Macy's denies that it has committed acts of infringement of the asserted patent in this or any other district, or that it has introduced products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Macy's admits that it can be served with process though its registered agent. The remaining averments in Paragraph 2 of the FAC are denied.

## II.    JURISDICTION AND VENUE

3.    The allegation in Paragraph 3 of the FAC is a legal conclusion to which no answer is required.  To the extent any answer is required, Macy's admits that this action involves an alleged violation of the United States patent laws.  Macy's denies the existence of any such violation.

4.    Paragraph 4 of the FAC sets forth a legal conclusion regarding personal jurisdiction to which no response is required.  To the extent any answer is required, Macy's admits that it conducts business in this judicial district.  Macy's denies that it has committed acts of infringement of the asserted patent in this or any other district.

5.    Paragraph 5 of the FAC sets forth a legal conclusion regarding venue to which no response is required.  To the extent any answer is required, Macy's denies that it has committed acts of infringement of the asserted patent in this or any other district.  Macy's further denies that that it has transacted business involving the "accused products" and/or sales to customers in Texas or in any other district.  Macy's denies that operating a retail store within this district confers proper venue.  Macy's otherwise denies any allegations in Paragraph 5 of the FAC.

## III.    [ALLEGED] INFRINGMENT – [Alleged] Infringement of the '689 Patent

6.    Macy's admits only that U.S. Patent No. 9,280,689 ("the '689 Patent") is entitled "Method and Apparatus for Conducting Offline Commerce Transactions."  Macy's denies that this patent is valid and was "duly and legally issued."  Macy's is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the FAC.  Accordingly, these allegations are denied.

7.      Macy's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the FAC.  Accordingly, these allegations are denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

## IV.    [PLAINTIFF'S] DEMAND FOR JURY TRIAL

Plaintiff's Jury Demand does not require a response by Macy's.

## V.     CONDITIONS PRECEDENT

13.     Macy's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the FAC.  Accordingly, these allegations are denied.

14.     Macy's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the FAC.  Accordingly, these allegations are denied.

15.     Macy's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the FAC.  Accordingly, these allegations are denied.

16.     The allegations in Paragraph 16 of the FAC are legal conclusions to which no answer is required.  To the extent any answer is required, Macy's denies the characterization of Section 287.

17.     Macy's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the FAC.  Accordingly, these allegations are denied.

18.     Macy's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the FAC.  Accordingly, these allegations are denied.

19.     Macy's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the FAC.  Accordingly, these allegations are denied.

## VI.     [PLAINTIFF'S] PRAYER FOR RELIEF

Macy's denies that Plaintiff is entitled to any of the relief requested in Paragraphs a through g of the section of Plaintiff's FAC entitled "Prayer for Relief" and deny any allegations contained therein.

## <u>AFFIRMATIVE DEFENSES</u>

The following defenses are raised to the extent that discovery reveals the same to be appropriate.  Macy's reserves the right to allege additional defenses of which it becomes aware during the course of this action.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The FAC, and each and every purported claim for relief therein, fails to allege facts sufficient to state a claim against Macy's, including, but not limited to, a failure to adequately plead claims for infringement against Macy's.

## SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

Macy's has not infringed and is not infringing any claims of U.S. Patent No. 9,280,689 under any theory, including direct infringement, infringement by inducement, or contributory infringement.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

U.S. Patent No. 9,280,689 and all of the claims thereof, are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff is estopped from claiming that the patent-in-suit cover any method, system, apparatus, or product of Macy's by virtue of the prior art and/or the prosecution history of U.S. Patent No. 9,280,689.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, Estoppel, and Acquiescence)

Plaintiff's claims for damages and other relief are barred in whole or in part by the equitable doctrines of waiver, laches, estoppel, and/or acquiescence due to, including but not limited to, Wolverine's unreasonable delay in asserting the patent-in-suit.

## SIXTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Plaintiff is barred from recovering damages from alleged infringement that occurred more than six years before this lawsuit was filed under 35 U.S.C. § 286.  Plaintiff is additionally barred from recovery of damages prior to the filing of this lawsuit under 35 U.S.C. § 287 for the failure

of Plaintiff, prior owners of the '689 Patent, and/or licensee(s) to properly mark any patented article and for failing to provide earlier notice to Macy's of the alleged infringement.

**ADDITIONAL DEFENSES, GENERAL DENIAL, AND RESERVATION OF RIGHTS**

Macy's generally denies all allegations of the FAC not expressly admitted herein. Macy's expressly reserves the right to allege additional defenses of which it becomes aware during the court of this action.

**<u>COUNTERCLAIMS</u>**

Defendant, Macy's, Inc. ("Macy's"), in support of its Counterclaims against Plaintiff, Wolverine Barcode IP, LLC ("Wolverine"), hereby avers:

1.    Macy's is a corporation organized and existing under the laws of the State of Delaware, having a regular and established place of business at 151 West 34th Street, New York, NY 10001.

2.    Upon information and belief, Wolverine is a Texas limited liability company having an asserted place of business in Austin, TX.

3.    Jurisdiction of this Court is based upon 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202.

4.    Venue is based upon the filing by Wolverine of this action against Macy's in this judicial district.

**COUNTERCLAIM FOR A DECLARATION OF
<u>NON-INFRINGEMENT OF UNITED STATES PATENT NO. 9,280,689</u>**

5.    Macy's repeats and reavers each and every averment contained in its Answer and Affirmative Defenses and in Paragraphs 1-4 of its Counterclaim as though fully set forth herein.

6.    This is a counterclaim under the patent laws of the United States (35 U.S.C. §§ 1, *et seq*.) for a declaration that the '689 Patent is not infringed by Macy's.

7.      An actual controversy exists between Macy's and Wolverine as to the non-infringement of the '689 Patent, as evidenced by, *inter alia*, the FAC in this action.

8.      Claim 1 is the sole independent claim in the '689 Patent.

9.      Claim 1 of the '689 Patent reads as follows:

1. A method for conducting offline electronic commerce transactions having a vendor barcode scanner and a vendor cash register comprising:

(a) providing a personal code to a person for their use to purchase goods;

(b) converting said personal code into barcode format to form a User ID Barcode, said User ID Barcode corresponding to said personal code and including at least one special character to distinguish the barcode as a User ID Barcode from a product barcode;

(c) storing said personal code in said User ID Barcode format by said person for use to purchase goods and storing said personal code in a User Vendor Management Server to permit purchases to be made at a vendor;

(d) establishing a User Account in a User Vendor Management Server corresponding to said personal code;

(e) depositing funds in said User Account to establish a credit limit;

(f) conducting purchases at vendors each having a vendor server wherein each purchase includes scanning product barcodes including product price and said User ID Barcode with a product barcode scanner at the vendor cash register and transmitting both product barcodes and User ID Barcode to said vendor server;

(g) detecting the User ID Barcode at the vendor server and forwarding the ID Barcode and purchase price to said User Vendor Management Server;

(h) comparing the purchase price with the funds in said User Vendor Management Server to determine if there are available funds within the credit limit in the User Vendor Management Server account, and if there are, sending an approval signal to the vendor server;

(i) forwarding the approval signal to the vendor cash register; and

(i) repeating steps (f) through (i) for subsequent purchase transactions using said User ID Barcode.

10.      Claim 1 of the '689 Patent recites, *inter alia*, "repeating steps (f) through (i) for subsequent purchase transactions using said User ID Barcode."

11.     Wolverine contends that this limitation is met because, "*For example, for each new purchase, Macy's Pay repeats the same process (scanning the product and user barcodes, checking available funds, approving the transaction, and sending confirmation) using the **User ID Barcode***. Regardless of whether it is single-use or permanent, the barcode is a user-specific identity code." *See* FAC, Ex. B, pg. 26.

12.     Use of the article "said" in the phrase "said User ID Barcode" of step (i) means that the User ID Barcode referenced in step (i) is the same User ID Barcode referenced earlier in the claim (i.e., in step (f) to "conduct[ ] purchases at vendors").

13.     Exhibit A is a true and correct copy of an Amendment filed by the applicant of the '689 Patent during prosecution thereof.

14.     Exhibit B is a true and correct copy of an Amendment filed by the applicant of the '689 Patent during prosecution thereof.

15.     The prosecution history confirms that the same barcode must be used for each transaction in claim 1 of the '689 Patent.

16.     For example, when faced with a rejection over the prior art Wong reference (US 2010/0138344), the applicant distinguished the claimed invention by arguing that "[t]he present invention does not require the generation of a barcode for each transaction." *See* Ex. A, Amendment of April 7, 2015, pg. 5.

17.     Later in prosecution, when faced with a rejection over the prior art Choe reference (US 2008/0103984), the applicant argued that his system "is a single channel communication system for all data at all vendor locations/registers using the same single User ID Barcode at all POS locations." *See* Ex. B, Amendment of Dec. 17, 2015, pg. 7.  The applicant continued this argument by again confirming that the "the User ID Barcode is assigned to and stored by the User

(e.g., in cell phone, on credit card, on label . . . etc.) for subsequent purchases and is used for each purchase and all subsequent purchases . . . Each purchase transaction is accomplished by using the same User ID Barcode." *Id.*, pg. 8.

18.    The alleged "User ID Barcode" identified in Wolverine's FAC is the Macy's Pay barcode shown in the below screenshot:



*See* FAC, Ex. B, pgs. 18-19.

19.    Macy's Pay generates a "single-use barcode" and "a unique barcode will be generated" for subsequent transactions. *See* Exhibit C (printout of the webpage https://www.macys.com/s/macys-pay/).

20.    As noted in the Macy's literature (Exhibit C), what Wolverine alleges to be the "User ID Barcode" in the Macy's Pay system is a "single-use barcode" and "[e]ach time you use Macy's Pay, a unique barcode will be generated."

21.    Macy's Pay does not use the same barcode for subsequent transactions.

22.     Accordingly, use of Macy's Pay would not, and does not, meet step (i) of claim 1 of the '689 Patent.

23.     Step (e) of claim 1 of the '689 Patent reads: "depositing funds in said User Account to establish a credit limit."

24.     This limitation relates to the "pre-paid mode" embodiment of the '689 Patent in which the user deposits funds to his account and transactions are then paid for from the deposited funds.  *See* '689 Patent, 3:35-50; 7:27-31; 13:42-46.

25.     Wolverine contends that this limitation is met because, "*For example, funds are deposited into the customer's digital account to set a **spending or credit limit** for Macy's Pay transactions*."  *See* FAC, Ex. B, pg. 13.

26.     Macy's Pay is exclusively available to Macy's credit card holders and must be linked to and used with a Macy's credit card.  *See* Exhibit C; *see also* Exhibit D ("Macy's Pay" article available at https://customerservice-macys.com/articles/macys-pay).

27.     Neither Macy's Pay nor the Macy's credit card uses a deposit account.  The use of Macy's Pay does not require funds to be "deposited into the customer's digital account to set a spending or credit limit for Macy's Pay transactions."

28.     Neither Macy's Pay nor the Macy's credit card requires "depositing funds" in order to set or establish a spending or credit limit.

29.     Accordingly, use of Macy's Pay would not, and does not, meet step (e) of claim 1 of the '689 Patent.

30.     For at least these reasons, Macy's has not infringed, induced the infringement of, or contributed to the infringement of, any claim of the '689 Patent, and does not, and will not, so infringe.

31.    Wolverine was made aware of the above positions by letter from Macy's counsel dated December 5, 2025.

32.    Despite knowledge of the above, Wolverine has maintained this lawsuit against Macy's without justification.

33.    The aforesaid acts of Wolverine have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Macy's for which Macy's has no adequate remedy at law and for which Macy's is entitled to declaratory and injunctive relief.

### COUNTERCLAIM FOR A DECLARATION OF
### INVALIDITY OF UNITED STATES PATENT NO. 9,280,689

34.    Macy's repeats and reavers each and every averment contained in Paragraphs 1-33 of its Counterclaim hereof as though fully set forth herein.

35.    This is a counterclaim under the patent laws of the United States (35 U.S.C. §§ 1, *et seq.*) for a declaration that the claims of the '689 Patent are invalid.

36.    An actual controversy exists between Macy's and Wolverine as to the invalidity of the '689 Patent, as evidenced by, *inter alia*, the FAC in this action.

37.    The '689 Patent is invalid for failure to meet with the requirements of, *inter alia*, Part II of Title 35 of the United States Code.

38.    By way of example, the claims of the '689 Patent are obvious in view of the disclosure in WO 2009/078784 in view of one or more of EP 1016999 and US 2008/0275760.

39.    In view of the above-mentioned prior art documents, the claims of the '689 Patent are invalid for failing to comply with 35 U.S.C. § 103.

40.    By maintaining a lawsuit based upon an invalid patent, Wolverine has caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to

Macy's for which Macy's has no adequate remedy at law and for which Macy's is entitled to declaratory and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Macy's respectfully requests that the Court enter judgment in favor of Macy's and against Plaintiff as follows:

A.      Dismissal of the FAC herein;

B.      Entry of judgment declaring that the claims of U.S. Patent No. 9,280,689 are invalid and not infringed by Macy's;

C.      A declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and for attorneys' fees be awarded to Macy's; and

D.      Entry of judgment awarding Macy's such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Macy's respectfully requests a trial by jury on all matters raised in its Answer, Affirmative Defenses, and Counterclaims or in Plaintiff's FAC.

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: December 15, 2025

s/ *Kent E. Baldauf, Jr.*
Kent E. Baldauf, Jr. (PA ID No. 70793)
Bryan P. Clark (PA ID No. 205708)
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of December, 2025, I electronically filed the foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system which sent notification to all counsel of record.

**THE WEBB LAW FIRM**

s/ *Kent E. Baldauf, Jr.*
Kent E. Baldauf, Jr.