*Exhibit B*

Case 7:25-cv-00404-DC-DTG   Document 17-2   Filed 12/15/25   Page 1 of 10

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Appl. No. | : | 13/816,955 | Confirmation No. 2847 |
| Applicant | : | Marvin T. Ling | |
| Filed | : | February 14, 2013 | |
| Title | : | METHOD AND APPARATUS FOR CONDUCTING OFFLINE COMMERCE TRANSACTIONS | |
| TC/A.U. | : | 2887 | |
| Examiner | : | Vo, Tuyen Kim | |
| | | | |
| Docket No. | : | 2817-A-28 | |
| Customer No. | : | 33136 | |

## AMENDMENT

Filed Via EFS
Commissioner for Patents
P. O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

In response to the Office Action of September 9, 2015, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 6 of this paper.

Appl. No. 13/816,955
Amdt. Dated December 17, 2015
Reply to Office Action of September 9, 2015

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

Claims 1 - 25 (canceled)

Claim 26 (new):     A method for conducting offline electronic commerce transactions having a vendor barcode scanner and a vendor cash register comprising:

(a)     providing a personal code to a person for their use to purchase goods;

(b)     converting said personal code into barcode format to form a User ID Barcode, said User ID Barcode corresponding to said personal code and including at least one special character to distinguish the barcode as a User ID Barcode from a product barcode;

(c)     storing said personal code in said User ID Barcode format by said person for use to purchase goods and storing said personal code in a User Vendor Management Server to permit purchases to be made at a vendor;

(d)     establishing a User Account in a User Vendor Management Server corresponding to said personal code;

Appl. No. 13/816,955
Amdt. Dated December 17, 2015
Reply to Office Action of September 9, 2015

    (e)    depositing funds in said User Account to establish a credit limit;

    (f)    conducting purchases at vendors each having a vendor server wherein each purchase includes scanning product barcodes including product price and said User ID Barcode with a product barcode scanner at the vendor cash register and transmitting both product barcodes and User ID Barcode to said vendor server;

    (g)    detecting the User ID Barcode at the vendor server and forwarding the ID Barcode and purchase price to said User Vendor Management Server;

    (h)    comparing the purchase price with the funds in said User Vendor Management Server to determine if there are available funds within the credit limit in the User Vendor Management Server account, and if there are, sending an approval signal to the vendor server;

    (i)    forwarding the approval signal to the vendor cash register; and

    (j)    repeating steps (f) through (i) for subsequent purchase transactions using said User ID Barcode.

Claim 27 (new):    The method of Claim 26 wherein said User ID Barcode is stored by said person in a cell phone.

Claim 28 (new):    The method of Claim 26 wherein said User ID Barcode is stored by said person on a label secured to a credit card or secured to a user's cell phone.

WV0221

Appl. No. 13/816,955
Amdt. Dated December 17, 2015
Reply to Office Action of September 9, 2015

### REMARKS

Applicant appreciatively notes the Examiner's receipt of the Request for Continued Prosecution to permit Applicant to respond to the newly cited reference to Choe. Applicant has replaced the claims with newly submitted claims incorporating limitations that clearly distinguish over the prior art.

The Examiner states on page 3 of the Office Action that Choe "obtains product barcodes and the User ID to derive the personal code to obtain authorization for a purchase with a product barcode scanner **116** at the vendor cash register **114** and *transmitting both the barcodes and user ID to a vendor service **140***". The item **140** is not a vendor server. Applicant's vendor server is in fact what is known in the industry as a "vendor server" containing product data such as abbreviated product description, title, price, etc., for all purchases, regardless of the method of payment - - - it is used for inventory control as well as a variety of data for purchase/product analysis - - it does not contain any information relating to the purchaser. Such vendor server is connected to the vendor's cash register and barcode reader so that data detected by the barcode can access the information relating to a specific product and transmit that information such as product abbreviation and price to the cash register that can subsequently print the information on a receipt for the customer. The item **140** designated by Choe as "mobile payment system" is not a vendor server.

Appl. No. 13/816,955
Amdt. Dated December 17, 2015
Reply to Office Action of September 9, 2015

The Examiner states that Choe uses "a personal code including at least one special character to distinguish from a product barcode" (referencing paragraphs 0022 and 0030). Choe does not include any indicator in any of the barcodes to distinguish between a user code and a product code. The reference that the Examiner provides to Choe indicates that Choe distinguishes between "User A" from "User B" but does not distinguish between a user and product.

Modifying Choe by Wong to permit personal code scanning in barcode format does not solve the inherent problem of Choe. The vendor server is missing in the Choe system; if we attempt to equate Choe's product database **118** with a vendor server, the modified Choe system still does not show communication to permit the User ID to be delivered to the vendor server and does not show any communication of the User ID Barcode through the vendor server to a user vendor management server.

Even if Choe is modified by Wong to read a User ID Barcode, this barcode has to be supplemented for each transaction since the Choe system operates upon the User's phone number and PIN together with an OTP. This OTP is a "one-time password" which must be transmitted to POS via internet to the vendor and via phone network to purchaser at time of purchase, then be renewed for each separate commercial transaction. This required accessing and transmitting of the OTP occurs during the transaction. The Choe system requires substantial time for each purchase because the User needs to repeat the entire process for each transaction.

WV0223

Appl. No. 13/816,955
Amdt. Dated December 17, 2015
Reply to Office Action of September 9, 2015

In the Choe system, the number of communications between the User and the payment system are:

(a) The product is scanned.

(b) User enters phone number and PIN (by keypad) at POS.

(c) POS sends to the payment system the mobile phone number, PIN, the total amount of purchases and the cash register number over the internet.

(d) The payment system then sends a one-time payment code (OTP) to the user's cell phone via phone network <u>and</u> to the vendor's cash register via the internet.

(e) The User then needs to enter the OTP received from payment system via cell phone to the cash register using the keypad available at the POS. This purchase activity is required for each purchase; that is, it is absolutely necessary for the cell phone to communicate with the payment system to obtain an OTP for that purchase. This communication is via cell phone networks and is an absolute requirement for the Choe system to work.

(f) The POS compares the OTP it received from the payment system to OTP presented at the POS by User to determine if the OTP matches.

(g) The Choe system requires this dual channel process to be repeated at each purchase; that is, the communication via cell phone network is required between the payment system and the cell phone (to send and receive the OTP) and a communication via internet from the POS to the payment system is required to send and receive product

WV0224

Appl. No. 13/816,955
Amdt. Dated December 17, 2015
Reply to Office Action of September 9, 2015

data. These two communication channels are required even if Choe is modified to use barcodes.

The Choe system therefore requires substantial time to make just a single purchase at one store. The process needs to be repeated for each purchase at each different store. Applicant's system is a single channel communication system for all data at all vendor locations/registers using the same single User ID Barcode at all POS locations.

Modifying Choe to incorporate a barcode still leaves Choe far from Applicant's system. Choe still requires two channels of communication for every purchase (cell phone network) for transmitting the OTP and an internet channels for telephone number, PIN, and product data.

If it is assumed that the User's telephone number and PIN combined is equivalent to Applicant's User ID Barcode, the Choe system would then simply permit the purchaser to present his ersatz ID barcode at point of sale in a manner similar to the Applicant's method. However, if such assumption were made and although this much of the Choe method would appear to be similar, Choe's handling of the data is significantly different. Whereas Applicant detects the difference between the User ID Barcode and a product barcode and then, and only then, sends the data from the Vendor Server to a User Vendor Management Server. Choe apparently sends information directly to a mobile payment system over the internet and waits for approval of the sale (the one-time password) to be transmitted over the internet to the point of sale but also over the cell phone network to

Appl. No. 13/816,955
Amdt. Dated December 17, 2015
Reply to Office Action of September 9, 2015

the User's cell phone. Thus, in all cases, two channels of communication are required for each purchase and the purchaser must use a cell phone to communicate with the payment system (a label on a credit card, for example, would be inoperative).

With regard to the utilization of the User ID Barcode on a label or sticker and securing the label or sticker to a carrying member, the Examiner has stated that the Ramsdale reference teaches "printing said User ID Barcode on a label or sticker and securing said label or sticker to a carrying member . . .". However, if the User ID Barcode is printed on a label or sticker and applied to a member other than a cell phone, the implementation of that concept in the Choe reference render Choe inoperable. That is, no purchase can be made in Choe unless there is a communication via cell phone network between the payment system and the User's cell phone. If the label or sticker were applied to a credit card for example, then Choe's system would be inoperable since no OTP can be received by the User from the payment system over the cell phone internet.

Applicant has modified the claims to more adequately define the inventive method. That is, the User ID Barcode is assigned to and stored by the User (e.g. in cell phone, on credit card, on label . . . etc.) for subsequent purchases and is used for each purchase and all subsequent purchases. The User ID Barcode is used without an additional PIN, without the generation and transmission of a password in addition to a personal code, PIN, as required by Choe. Each purchase transaction is accomplished by using the same User ID Barcode and a single transmission channel of barcode reader -

Appl. No. 13/816,955
Amdt. Dated December 17, 2015
Reply to Office Action of September 9, 2015

vendor server - User Vendor Management Server; there is no communication between the User Vendor Management Server and the user at the time of purchase.

In view of the substitute claims submitted herewith and the above arguments, it is respectfully submitted that the application is in condition for allowance and such allowance is earnestly solicited. If there are any questions or any matter that could facilitate the examination of the present case, the Examiner is urged to contact the undersigned at his convenience.

Respectfully submitted,

CAHILL GLAZER PLC

William C. Cahill
Registration No. 19,742

155 Park One
2141 E. Highland Avenue
Phoenix, Arizona 85016
602/956-7000
602/956-4298-Fax