**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **WOLVERINE BARCODE IP, LLC,**<br>    **Plaintiff,** | **Civil Action No. 7:25-cv-00404-DC-DTG** |
| **v.** | |
| **MACY'S, INC.,**<br>    **Defendant** | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSIVE CLAIM CONSTRUCTION BRIEF**

1

## I. INTRODUCTION

Plaintiff Wolverine Barcode IP, LLC respectfully submits this responsive claim construction brief in response to Defendant Macy's, Inc.'s Opening Claim Construction Brief (Dkt. 25). Defendant identifies three issues for construction. None requires the narrowing language Defendant proposes. The claim language, read in view of the specification and prosecution history, is readily understandable and should be given its plain and ordinary meaning.

Defendant's suggested constructions either add words that are already unnecessary to the claim, ask the Court to make a legal ruling that does not require a rewritten construction, or import limitations from examples in the specification and from prosecution arguments that were not clear lexicography or unmistakable disclaimer. The Court should reject those efforts and adopt Plaintiff's plain-and-ordinary-meaning positions.

## II. GOVERNING PRINCIPLES

Claim terms are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art in the context of the intrinsic record. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-17 (Fed. Cir. 2005) (en banc). The specification is highly relevant, but courts must not import limitations from preferred embodiments into otherwise broader claim language. *See id*. at 1323. A departure from ordinary meaning requires either lexicography or a clear and unmistakable disavowal. *See Thorner v. Sony Computer Ent. Am. LLC*, 669 F.3d 1362, 1365-67 (Fed. Cir. 2012). Where the words of the claim and specification adequately inform the fact finder, no additional construction is necessary. *See id.*

### III. DISPUTED CLAIM TERMS

**A. "repeating steps (f) through (i) for subsequent purchase transactions using said User ID Barcode" (Claim 1)**

2

| Plaintiff's Construction | Defendant's Construction |
|---|---|
| No construction needed; plain and ordinary meaning | repeating steps (f) through (i) for subsequent purchase transactions using the same single User ID Barcode for each of the subsequent purchase transactions |

The repetition limitation should be given its plain and ordinary meaning. Claim 1 already states what is repeated and what is used: after the vendor-side scanning, detection, forwarding, comparison, and approval steps, the method repeats those steps for later purchase transactions using 'said User ID Barcode.' Dkt. 25-1, 17:12-18:30. A jury does not need Defendant's additional phrase 'same single' to understand that the claim refers to the previously recited User ID Barcode.

Defendant's proposed construction is redundant and potentially misleading. The word 'said' already supplies the ordinary claim-language reference. Defendant's added 'same single' phrase risks suggesting limitations the claim does not recite, such as that the User ID Barcode can never be updated, changed for security, invalidated, reissued, or represented in more than one form. The patent does not require that. On the contrary, the patent-in-suit describes the User ID Barcode as corresponding to a personal code and including distinguishing information, and it expressly contemplates that the barcode may be downloaded to a cell phone, displayed on a cell phone, printed on a credit card, or placed on a label. Dkt. 25-1, 2:39-51; 5:45-49; 17:35-18:3. Those descriptions support the ordinary meaning of the term.

The specification confirms that the repeated transaction flow is understandable without further construction. Dkt. 25-1. Figure 1(b) depicts the claimed architecture using a User ID Barcode, a barcode scanner reader, a cash register, a vendor server, and a UVM server. Dkt. 25-1, Fig. 1(b). The detailed description explains that the cashier captures product barcodes and later captures the User ID Barcode with the barcode scanner reader; the cash register sends transaction

3

data including the User ID Barcode to the vendor server; the vendor server detects the special character and sends the User ID Barcode and transaction data to the UVM server; and the approval signal is returned through the vendor server to the cash register. Dkt. 25-1, 9:1-30; Fig. 1(b). That is exactly the flow recited in steps (f) through (i), and the final step simply repeats it for later purchases.

Defendant relies heavily on prosecution statements distinguishing Wong's one-time, time-limited barcode. Dkt. 25. But those statements do not justify rewriting claim 1. The patentee argued that the invention did not require generation of a new barcode for each transaction and distinguished a one-time barcode system. *See* Dkt. 25-2. That is consistent with the claim's ordinary meaning: the method may use the recited User ID Barcode for subsequent purchases. Plaintiff's statements during prosecution do not constitute a clear and unmistakable disclaimer which would require the Court to replace the claim's simple reference to 'said User ID Barcode' with Defendant's broader phrase 'same single User ID Barcode for each of the subsequent purchase transactions.'

Plaintiff does not dispute that the final step refers back to the User ID Barcode recited earlier in the claim. That is precisely why no additional construction is needed. The Court should give the limitation its plain and ordinary meaning.

**B. Preamble of Claim 1**

| Plaintiff's Construction | Defendant's Construction |
|---|---|
| The preamble is limiting; no construction needed; plain and ordinary meaning | The preamble is limiting |

Defendant's second requested 'construction' does not actually construe words for the jury; it asks the Court to characterize the preamble as limiting.

Plaintiff's position is that the preamble is limiting and that no further construction is needed. The preamble states: 'A method for conducting offline electronic commerce transactions having a vendor barcode scanner and a vendor cash register.' Dkt. 25-1, 17:31-33. That language is understandable in view of the claim body and specification.

Accordingly, if the Court addresses the preamble, it should simply apply the preamble according to its plain language.

### C. "label" (Claim 3)

| Plaintiff's Construction | Defendant's Construction |
| --- | --- |
| No construction needed; plain and ordinary meaning | a printed, physical label (i.e., not a digital representation) |

The word 'label' is a common word that needs no special construction. Claim 3 recites: 'The method of claim 1 wherein said User ID Barcode is stored by said person on a label secured to a credit card or secured to a user's cell phone.' Dkt. 25-1, 18:33-36. The claim language itself provides the relevant context: the label is something on which the User ID Barcode is stored and is secured to a credit card or cell phone. That ordinary context is enough.

Defendant's construction should be rejected because it adds an unnecessary parenthetical negative limitation, "not a digital representation." Plaintiff's proposed negative limitation is directed to a potential infringement dispute rather than claim meaning. If the fact finder needs to evaluate whether something is a 'label secured to a credit card or secured to a user's cell phone,' the claim language itself answers the relevant question. The Court need not add Defendant's extra exclusionary language.

The specification confirms the ordinary meaning without redefining the word 'label.' The summary states that the User ID Barcode can be downloaded into the user's cell phone, displayed

in the cell phone window, printed on the back of the user's credit card, or printed on a sticker or label secured to a carrying member such as the cell phone or credit card. Dkt. 25-1, 2:39-46. The detailed description similarly states that the User ID Barcode can be generated from a cell phone number and downloaded into a cell phone, or generated from a credit card number and printed on the back of a credit card or on labels secured to the credit card. Dkt. 25-1, 5:45-49. Those passages provide examples consistent with the ordinary meaning of 'label'; they do not amount to lexicography or disclaimer requiring Defendant's construction.

The surrounding claims also show why no additional construction is needed. Claim 2 separately recites that the User ID Barcode is stored by the person 'in a cell phone,' while claim 3 recites storage 'on a label' secured to a credit card or user's cell phone. Dkt. 25-1, 18:31-36. That contrast is clear from the claims themselves. Adding 'printed, physical' and 'not a digital representation' is unnecessary and risks inviting arguments about embodiments rather than the claim text.

The Court should give 'label' its plain and ordinary meaning.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reject Defendant's proposed narrowing constructions and hold that each disputed term identified by Defendant requires no additional construction and should receive its plain and ordinary meaning.

Respectfully submitted,

**Ramey LLP**

*/s/William P. Ramey III*
William P. Ramey III
Texas Bar No. 24027643
wramey@rameyfirm.com

6

446 Heights Blvd., Suite 200
Houston, Texas 77007

***Attorneys for Wolverine Barcode IP, LLC***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of May 27, 2026, with a copy of the foregoing using the CM/ECF system which sent notification to all counsel of record.

*/s/William P. Ramey III*
William P. Ramey III